UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MAJUANGY EVANS (#435417)

VERSUS                                          CIVIL ACTION

CHRIS CARRAWAY, ET AL                           NUMBER 12-70-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 2, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MAJUANGY EVANS (#435417)

VERSUS                                      CIVIL ACTION

CHRIS CARRAWAY, ET AL                       NUMBER 12-70-BAJ-SCR


**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. Leblanc, Warden Steve Rader, Lt. Chris Carraway and Lt. Col. Scott Brumfield. Plaintiff alleged that he was issued a false disciplinary report and was denied due process at a disciplinary board hearing and on appeal in violation of his constitutional rights.


**Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:
(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.

*Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);
*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);
*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may
dismiss a claim as factually frivolous only if the facts are
clearly baseless, a category encompassing allegations that are
fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34,
112 S.Ct. at 1733. Pleaded facts which are merely improbable or
strange, however, are not frivolous for section 1915(d) purposes.
*Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.
1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time
before or after service of process and before or after an answer is
filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he was issued a false disciplinary
report by Lt. Carraway.

Under § 1983, allegations that the plaintiff was reported or
punished for an act he did not commit do not amount to a denial of
due process where the state provides a procedurally adequate
hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The
disciplinary procedures in effect at the state penitentiary were
previously approved by this court in *Ralph v. Dees*, CA 71-94
(M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*,
547 F.2d 1206 (5th Cir. 1977). The procedures include the use of
information provided by confidential informants. These procedures
meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539,

2

94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

Plaintiff alleged that he was denied due process at the disciplinary board hearing and on appeal. Specifically, the plaintiff alleged that Lt. Col. Brumfield conducted a disciplinary board hearing on the disciplinary report issued by Lt. Carraway. Plaintiff alleged that there was insufficient evidence to support his disciplinary board conviction, the accusing officer did not testify regarding the credibility of the confidential informants, Lt. Col. Brumfield was biased and did not allow the plaintiff to pose relevant questions to the accusing officer. Plaintiff alleged that Warden Rader did not review his appeal and Secretary LeBlanc was without jurisdiction to consider the appeal and his appeal decision is not supported by the facts.

In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the

duration of confinement,[1] or which exceed the sentence in an unexpected manner,[2] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. Thus, the plaintiff's sentence of a custody change to maximum-working cell block and 30 days room confinement[3] did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, March 2, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[2] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

[3] Record document number 5, p. 8.

4